# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JASON SEEVERS,**
**Claimant Below, Petitioner**

**FILED**

July 9, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0166** (BOR Appeal No. 2053271)
                 (Claim No. 2017027157)

**CHANEY'S AUTO REPAIR & TOWING,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jason Seevers, by Counsel Sandra K. Law, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Chaney's Auto Repair & Towing, by Counsel Noah A. Barnes, filed a timely response.

This appeal involves the compensability of an alleged shoulder injury. On May 31, 2017, the claims administrator rejected the claim. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's rejection of the claim on August 14, 2018. This appeal arises from the Board of Review's Final Order dated January 25, 2019, in which the Board of Review affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Seevers worked for Chaney's Auto Repair & Towing as a mechanic. On March 31, 2017, he alleges that he sustained an injury to his right shoulder. He completed an Employees' and Physicians' Report of Injury in which he states that he hurt his right shoulder while working on tie rod ends and tires. The Physician's section, which was completed by Weirton Medical Center, indicated that Mr. Seevers aggravated a prior right shoulder injury. Mr. Seevers was diagnosed as having sustained a right shoulder rotator cuff injury, along with cervicalgia. He was released to return to work on April 4, 2017.

1

On April 11, 2017, Cindy Birch, office manager for the employer, submitted the following statement:

> Jason Seevers sat in my office and was complaining about his shoulder. He said he was playing with his nephew and the nephew hit his wrist area jarring his shoulder. This was on March 31, 2017. He left work 2 ½ hours early that day as it was hurting so bad.

As the office manager, Ms. Birch is familiar with Mr. Seevers in his capacity as an employee of Chaney Auto Repair & Towing.

Mr. Seevers treated with Charles Capito, M.D., on May 17, 2017. Mr. Seevers complained of his right shoulder popping and snapping. He stated that he has constant pain that goes to his chest and into his shoulder blade, as well as down to his elbow. Mr. Seevers reported that he had a prior shoulder injury in 2014.[1] X-rays of the shoulder were unremarkable. Although Dr. Capito believed that there was a shoulder component to the injury, he stated that most of the pain appears to be coming from Mr. Seevers's neck. Dr. Capito ordered an MRI of Mr. Seevers's neck and suggested physical therapy.[2]

By Order dated May 31, 2017, the claims administrator denied the claim on the basis that Mr. Seevers did not sustain an injury while in the course of and resulting from his employment. Mr. Seevers protested the claims administrator's decision.

On July 22, 2017, Mr. Seevers returned to Weirton Medical Center with complaints of neck and shoulder pain, as well as numbness. He reported intermittent finger numbness in both hands. Mr. Seevers stated that he sustained his shoulder injury when a car fell on him. He stated that the injury did not bother him until about a week after the initial injury, but it has progressively worsened. Mr. Seevers was diagnosed with a possible frozen shoulder due to his decreased ability to use his shoulder. He received a Toradol injection and prescriptions for Ultram and a prednisone taper.

On February 22, 2018, Cindy Birch signed and notarized an affidavit. Ms. Birch stated the following:

> Jason tore his right shoulder in 2014 when he was working on the rods and tires of a vehicle and filed a workers' compensation claim. He received some treatment, and then returned to work shortly thereafter.

---

[1]Mr. Seevers had a prior shoulder injury in 2014. He filed a Report of Injury dated May 21, 2014, stating that he sustained an injury to his shoulder when he was pulling on a wrench to loosen a tie rod nut. He sought treatment on May 21, 2014, and his claim was ruled to be compensable for acute shoulder sprain. He was able to return to work following treatment.

[2] An MRI was never performed because the claim was denied.

Jason had been in trouble at work because on March 17, 2017, when doing an oil change, he failed to put oil back in and the engine blew up. This is the second time he had done this. He did the same thing in the summer of 2014, just prior to reporting the 2014 injury.

On March 31, 2017, Jason came into my office around 3:30 p.m. and told me that he was leaving early to go to the hospital. Previously, he told me that he had aggravated his shoulder when playing with his nephew, and that he was unable to work due to the shoulder.

Jason did not allege that he had hurt his shoulder while working on a vehicle. It wasn't until the hospital called to find out who our carrier was that we learned that he was turning it in on workers' compensation.

Ms. Birch noted that Mr. Seevers had been employed with the business since April 29, 2014.

Mr. Seevers underwent a deposition on April 17, 2018, wherein he testified that he hurt his shoulder blade in the 2014 workers' compensation claim and his present injury involves his right shoulder. In regard to his alleged 2017 injury, he stated, "[w]hen I was unloosening the bolt on the Pittman arm – we have a tie rod end Pittman arm also – it could be called either one – then my shoulder totally let go, went limp." He stated that it was pretty much the same action in both of the alleged injuries. He testified that he does not remember injuring his arm when playing with his nephew in March of 2017. He also testified that he does not remember telling Cindy Birch that he had injured his arm while playing with his nephew and helping his brother move a couch. On the date of the alleged injury, he was not able to continue to work with his right arm. He told Ms. Birch that he was leaving, but he did not tell her that he was going to the hospital. Instead, he testified that he mentioned to the owner that he was going to the hospital.

Mike Geibel signed an affidavit dated April 24, 2018. He is the owner of Chaney's Auto Repair & Towing. Mr. Geibel stated the following:

Jason tore his right shoulder in the summer of 2014 when he was working on tie rods and tires of a vehicle. He filed a workers' compensation claim for this injury and had surgery done on his shoulder.

Approximately six (6) months prior to the date of the injury, Jason told me that he aggravated his right shoulder when carrying a couch with his brother.

On March 31, 2017, Jason was complaining about his right shoulder saying that he had aggravated it again when playing with his nephew and his shoulder had been killing him.

3

He never reported to me that he injured his shoulder at work on March 31, 2017. The only thing that he told me was that he had re-aggravated his shoulder when playing with his nephew.

Mr. Geibel is familiar with Mr. Seevers in the capacity as the employer.

On August 14, 2018, the Office of Judges concluded that it does not appear that an isolated fortuitous even occurred on March 31, 2017, in the course of Ms. Seevers's employment. The Office of Judges also concluded that there was no new injury for the 2017 occurrence. The affidavits of Ms. Birch and Mr. Geibel were found to be credible explanations as to the condition of Mr. Seevers's shoulder on the alleged date of injury. Mr. Seevers alleged that Roger Reed and Mark Loy, his co-workers, were witnesses to his injury. However, no evidence was submitted from either to corroborate his story. The Office of Judges also determined that Mr. Seevers provided inconsistent statements concerning the mechanism of his injury. The Office of Judges reasoned that the preponderance of the evidence shows that Mr. Seevers did not sustain a compensable injury on March 31, 2017. Accordingly, the Office of Judges affirmed the May 31, 2017, Order of the claims administrator. The Board of Review adopted the findings of facts and conclusions of law of the Office of Judges and affirmed the decision to reject the claim on January 25, 2019.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. Both statements of Cindy Birch and Mike Geibel are consistent and call into question the veracity of Mr. Seevers's assertions that he sustained an injury in the course of and as a result of his employment. Although Mr. Reed claims that there were additional witnesses to his injury, no testimony or affidavit has been produced to corroborate his argument. The Office of Judges also found Mr. Seevers's testimony to be inconsistent because he testified that his shoulder injury occurred while working on a Pittman arm. However, he reported to Weirton Medical Center on July 22, 2017, that a car fell on him. Because Mr. Seevers's allegations and testimony are uncorroborated and inconsistent, the Board of Review did not err in affirming the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 9, 2020**

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

Justice Margaret L. Workman not participating

4